IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GERALD L. BROWN, JR.,**

    **Petitioner,**

    v.                                       **CASE NO. 2:05-CV-540**
                                                                **JUDGE HOLSCHUH**
**KHELLEH KONTEH, Warden,**            **MAGISTRATE JUDGE KING**

    **Respondent.**

## OPINION AND ORDER

On February 22, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation* and also requests oral arguments or a conference with the law clerk.

Petitioner objects to all of the Magistrate Judge's recommendations and raises all of the same arguments that were previously presented and considered by the Magistrate Judge. Petitioner specifically disputes the factual findings of the state appellate court and he again argues that the state appellate court's decision constitutes an unreasonable determination of the facts and impermissible "stacking of inferences." *Objections*, at 5. Petitioner again argues that the evidence fails to establish that petitioner knew that items were being stolen until after Grant and the Hill brothers had been beaten (and John Hill subsequently killed); he also argues that the evidence fails to establish that he knew that one of his cohorts was carrying a gun, that the evidence fails to establish intent on his part to commit any of the crimes in dispute and that the evidence reflects only his mere presence at the scene.

Petitioner's arguments are not well taken. This Court has reviewed the entire record,

including the trial transcript and petitioner's traverse. Unlike the cases referred to by petitioner *(i.e.*, *Barnes v. Hofbauer*, unreported, 2005 WL 1529591 (E.D. Mich., June 22, 2005); *Fuller v. Anderson*, 662 F.2d 420 424 (6th Cir. 1981); and *Speigner v. Jago*, 603 F.2d 1208, 1216 (6th Cir. 1979)), *see also Brown v. Palmer*, 441 F.3d 347 (6th Cir. 2006), which stand for the proposition that a defendant's mere presence at the scene of the crime is insufficient to establish guilt as an aider and abettor, here, when viewing all of the evidence in the light most favorable to the prosecution, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979), and for the reasons discussed at length by the state appellate court and in the Magistrate Judge's *Report and Recommendation,* this Court likewise concludes that the evidence is constitutionally sufficient to sustain petitioner's convictions.

Petitioner's objections are **OVERRULED**. His request for oral argument or a conference with the law clerk is **DENIED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**

This action is hereby **DISMISSED.**

    **IT IS SO ORDERED**.


May 16, 2006                          /s/ John D. Holschuh
                                                            JOHN D. HOLSCHUH
                                                            United States District Judge