IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD L. BROWN, JR., | : | |
| Petitioner, | : | Case No. 2:05-cv-540 |
| v. | : | Judge Holschuh |
| KHELLEH KONTEH, Warden, | : | Magistrate Judge King |
| Respondent. | : | |
| | : | |

### Memorandum Opinion and Order

On May 16, 2006, final judgment was entered dismissing Petitioner's habeas corpus petition pursuant to 28 U.S.C. §2254.  (Doc. ## 24, 25).  This matter is now before the Court on Petitioner's May 24, 2006, motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), (Doc. # 26), and his request for an in-chambers conference.  (Doc. # 27).

**I.  Motion to Alter or Amend Judgment**

As an initial matter, the Court must determine whether it has jurisdiction to resolve Petitioner's Rule 59(e) motion to alter or amend judgment.  It is well established that "the Federal Rules of Civil Procedure 'do not extend or limit federal jurisdiction, but they implement the exercise of existing jurisdiction, which has been conferred by statute.'" Post v. Bradshaw, 422 F.3d 419, 423-24 (6th Cir. 2005) (quoting Edwards v. E.I. Du Pont De Nemours & Co., 183 F.2d 165, 168 (6th Cir. 1950)).  Thus, as explained by the Supreme Court, if a motion filed pursuant to the Federal Rules of Civil Procedure is properly construed as a second or successive petition for habeas corpus under the Antiterrorism and Effective Death Penalty Act ("AEDPA"),

28 U.S.C. §2244(b), the Court will be without jurisdiction to resolve that motion.[1] Gonzalez v. Crosby, 125 S. Ct. 2641, 2647-48 (2005). See also Post, 422 F.3d at 424.

The first step in determining whether Petitioner's Rule 59(e) motion is actually a second or successive petition is to determine whether the motion presents a "claim" for habeas relief. Gonzalez, 125 S. Ct. at 2647. The Supreme Court has explained that a "claim," as used in § 2244(b), is an asserted federal basis for relief from a state court's judgment of conviction. Id. "A motion can ... be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Id. at 2648 (emphasis original). However, when a motion challenges "some defect in the integrity of the federal habeas proceedings," the motion will not be considered a second or successive petition. Id.

In his motion to alter or amend judgment, Petitioner suggests that the Court did not adequately review the record prior to adopting and affirming the Report and Recommendation. Specifically, Petitioner argues that

> the District Court may not have had a suitable period of time to delineate the reasons in support of its conclusion, prior to the issuing of the Judgement [sic], Opinion and Order, thereby causing it to err in overruling Petitioner's objections and to adopt and affirm the Magistrate-Judge's Report and Recommendation.

(Motion to Alter or Amend Judgment, at p. 2). Petitioner's argument does not provide a federal

---

[1] 28 U.S.C. §2244(b)(3)(A) states that before a second or successive petition for writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.

basis for relief from the state court's judgment of conviction.  Instead, Petitioner's motion is, in essence, a challenge to the Court's ability to review Petitioner's objections to the Report and Recommendation within the time period prior to the judgment dismissing Petitioner's habeas corpus petition.  Like the motion addressed in Gonzalez, Petitioner's motion in this case "confines itself not only to the first federal habeas petition, but to a nonmerits aspect of the first federal habeas proceeding."  Gonzalez, 125 S. Ct. at 2649.  Thus, this Court cannot conclude that Petitioner's motion constitutes a second or successive habeas petition under §2244(b).  Therefore, this Court has jurisdiction to consider Petitioner's Rule 59(e) motion.

The grant or denial of a Rule 59(e) motion is within the informed discretion of the Court.  See Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982).  A motion to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.  GenCorp, Inc. v. American Intern. Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)(internal citations omitted).  However, a motion to alter or amend a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources.  American Textile Mfrs. Institute, Inc. v. The Limited, Inc., 179 F.R.D. 541, 547 (S.D. Ohio 1997).

Petitioner does not contend that there has been an intervening change in controlling law or that there is any newly discovered evidence.  Instead, as was noted *supra*, Petitioner contends that this Court "may not have had a suitable period of time to delineate the reasons in support of its conclusion   ... [to] affirm the Magistrate-Judge's Report and Recommendation."  (Motion to Alter or Amend Judgment at p. 2).

3

This Court recognizes that 28 U.S.C. § 636(b)(1) requires a *de novo* review of the Magistrate Judge's Report and Recommendation. However, contrary to Petitioner's contention, the Court did have a suitable period of time to review the record, and any inference that the Court did not comply with the requirement of 28 U.S.C. § 636(b)(1) is completely unfounded. This Court did in fact engage in *de novo* review of the Magistrate Judge's Report and Recommendation.

Petitioner also appears to continue to argue that there was no evidence to establish his intent to rob or kill, and that the evidence submitted established solely his presence at the scene. Under Gonzalez, the Court lacks jurisdiction to resolve this challenge to the Court's previous resolution of Petitioner's habeas claim on the merits. However, even assuming that the Court does not lack jurisdiction over such a challenge, this Court remains unpersuaded that Petitioner has rebutted the presumption of correctness to which the state courts are entitled.[2] 28 U.S.C. §2254(d), (e); Williams v. Taylor, 529 U.S. 362 (2000); Wiggins v. Smith, 539 U.S. 510, 520 (2003). Petitioner has presented no reason to justify altering this Court's conclusion that the state court's decision dismissing his sufficiency of the evidence claim under Jackson v. Virginia, 443 U.S. 307 (1979), is contrary to or an unreasonable application of federal law as determined by the United States Supreme Court or an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. §2254(d), (e).

---

[2] The Court recognizes that Petitioner disputes both the factual findings and the conclusions of the state appellate court.

**II.  Motion for In-Chambers Conference**

In his motion for in-chambers conference with the District Judge, Petitioner states that he wishes to "further articulate the reasons for his... motion for reconsideration and better draw the Court's attention to gaps in the record that support granting petitioner's writ on sufficiency grounds."  (<u>Motion for in Chamber's Conference</u>).  Any arguments in support of Defendant's motion should have been made in the memorandum supporting the motion and not in a personal conference with the District Judge.  Defendant's motion is therefore **DENIED**.


**WHEREUPON**, Petitioner's motion to alter or amend judgment (Doc. # 26) is **DENIED**.  Further, Petitioner's motion for an in-chambers conference (Doc. # 27) is **DENIED**.


**IT IS SO ORDERED.**


<u>June 28, 2006</u>                                           <u>/s/ John D. Holschuh     </u>
                                                             John D. Holschuh, Judge
                                                             United States District Court

5